UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORETHA J. MC CULLOUGH,

                         Plaintiff,

                                            <u>DECISION AND ORDER</u>

                                                12-CV-6405L

          v.

XEROX CORPORATION,

                         Defendant.
_____

       Plaintiff, Loretha J. McCullough, brings this action against her former employer, Xerox Corporation ("Xerox"). McCullough alleges that Xerox discriminated against her on account of her race and sex, that Xerox retaliated against her for having opposed that discrimination, and that she has been denied equal pay for equal work, also on account of her race and sex.

       Xerox has moved to dismiss all of plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, other than her claim that she was paid less than similarly situated male employees. For the reasons that follow, Xerox's motion is granted in part and denied in part.

**BACKGROUND**

       According to the complaint, the allegations of which are accepted as true for the purposes of deciding defendant's motion, McCullough, an African-American woman, began working for Xerox in 1991 as a secretary. She received "numerous" promotions over the years, but she eventually resigned in January 2012. Complaint ¶¶ 10, 62. Plaintiff alleges that at the time of her resignation, she "felt as though she had no choice but to resign," because she was being subjected

to a hostile work environment and because of the pay disparity between her and similarly situated white male employees.

The details of plaintiff's allegations will be set forth at greater length, as necessary, below. Based on these allegations, however, plaintiff asserts three causes of action: (1) a claim for race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.*; (2) unlawful retaliation for having opposed discrimination under Title VII; and (3) denial of equal pay for equal work, as compared to plaintiff's male coworkers, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206. Plaintiff seeks an award of back pay and benefits, compensatory damages for pain, suffering and medical costs (stemming from her treatment for anxiety allegedly caused by defendants' actions), punitive damages and attorney's fees. As stated, defendant seeks dismissal of all of these claims, other than the EPA and Title VII claims based on plaintiff's allegation that she was paid less than similarly situated male employees performing comparable work.

## DISCUSSION

### I. Exhaustion of Remedies

Xerox contends that several of plaintiff's claims must be dismissed because of her failure to raise those claims in her charge filed with the Equal Employment Opportunity Commission ("EEOC"). In general, a plaintiff may bring an employment discrimination action under Title VII only after filing a timely charge with the EEOC or with a similar state or local agency. 42 U.S.C. § 2000e-5(e); *see also* 42 U.S.C. § 12117(a). Once the administrative process is complete and the EEOC has issued a "right to sue" letter, the plaintiff is considered to have exhausted her administrative remedies.

Although "[e]xhaustion is ordinarily 'an essential element'" of a Title VII claim, the Second Circuit has held that "[c]laims not raised in an [administrative] complaint ... may be brought in

federal court if they are 'reasonably related' to the claim filed with the agency." *Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001), and *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)). "A claim raised for the first time in the district court is 'reasonably related' to allegations in an EEOC charge 'where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir. 2001) (quoting *Butts*, 990 F.2d at 1402).

This exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering.'" *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (quoting *Butts*, 990 F.2d at 1402). "The central question is whether the complaint filed with the EEOC gave that agency 'adequate notice to investigate discrimination [of the type alleged in the civil complaint].'" *Williams*, 458 F.3d at 70 (quoting *Deravin*, 335 F.3d at 202).

In the case at bar, plaintiff filed her EEOC complaint on February 3, 2011. Complaint ¶ 5; Dkt. #6-3. On the form complaint, she checked the boxes for race and sex discrimination, retaliation, and "other," which she explained as "equal pay." Dkt. #6-3 at 2. Plaintiff also indicated that these acts dated back to January 1, 2004, and that this was a "continuing action." *Id.*

In a space on the form for the particulars of her claims, plaintiff stated, "I have been paid at a rate less than male employees for equal work," and, "I believe that I have been paid less because of my Sex/Female, in willful violation of the Equal Pay Act ... ." She also stated, "I have been subjected to unwelcome comments about my work duties because of my Race/African-American and gender (female) ... in willful violation of Title VII ... ." *Id.*

In her complaint in this action, plaintiff alleges, as a component of her first cause of action under Title VII, that "she applied for a number of jobs and was denied these jobs based on her race and gender." Dkt. #1 at 11 ¶ 68(c). No such allegation was contained in her EEOC complaint.

Plaintiff also now alleges that she was paid less than similarly situated white employees, on account of her race. Again, no such allegation is present in her EEOC complaint, which alleges only that she was denied equal pay based on her sex.

I agree with defendant that plaintiff has not exhausted her claim based on a denial of promotions or positions within Xerox. Such a claim is simply not reasonably related to the equal-pay and hostile work environment claims raised in plaintiff's EEOC complaint. *See Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 271 (7th Cir. 2004) (claim of hostile work environment was not reasonably related to allegations in EEOC complaint of denial of promotion and retaliation); *Brown v. Farmers Ins. Exchange*, No. 02CA1032, 2004 WL 952396, at *6 (W.D.Tex. May 3, 2004) (plaintiff's claim "of a hostile work environment is not reasonably related to the claims of denial of promotion that she made to the EEOC," and was barred), *aff'd*, 112 Fed.Appx. 998 (5th Cir. 2004).

It appears that on the EEOC form complaint, plaintiff initially included an allegation that "since early 2010, [she] applied for three internal positions," and that she was denied those positions on account of her sex and race. Dkt. #6-3 at 2. However, plaintiff then crossed out that allegation, and initialed the cross-out. *Id.*

If anything, that would only have indicated that plaintiff was *not* pursuing or alleging any claim that she was wrongfully denied any positions within Xerox. By crossing out that allegation, plaintiff implicitly disclaimed any such allegation. Thus, that crossed-out allegation is of no benefit to plaintiff here. *See McKnight v. Gates*, 282 Fed.Appx. 394, 398 (6th Cir. 2008) (plaintiff did not exhaust administrative prerequisites to bringing class action suit, where, in his administrative complaint, the word "class" was crossed out), *cert. denied*, 555 U.S. 1175 (2009); *Rolle v. Educational Bus Transp.*, Inc., No. CV 11-3855, 2013 WL 783026, at *10 (E.D.N.Y. Feb. 12, 2013) (where plaintiff initially checked box for sex discrimination in administrative complaint, but then

crossed out and initialed that selection, plaintiff had not exhausted her administrative remedies with respect to sex discrimination claim).

As to the allegations concerning equal pay, there is some authority that allegations concerning only sex discrimination are not reasonably related to allegations concerning race discrimination. *See*, *e.g.*, *Carter v. New Venture Gear, Inc.*, 310 Fed.Appx. 454, 458 (2d Cir. 2009) ("Carter's charge to the EEOC made no reference whatsoever to gender bias at NVG, and such claims are not reasonably related to her race-based charge"); *Sloth v. Constellation Brands, Inc.*, 883 F.Supp.2d 359, 369 (W.D.N.Y. 2012) ("Because plaintiff did not raise age or disability discrimination in her administrative proceedings, and because claims of age and disability discrimination would not reasonably fall within the scope of an administrative investigation into sexual harassment, I find that plaintiff has failed to exhaust her administrative remedies with respect to her claims of age and disability discrimination").

In both *Carter* and *Sloth*, however, the courts noted that the plaintiffs had not alleged other forms of discrimination anywhere in their administrative charges. In contrast, plaintiff here did allege, in her EEOC complaint, that she had been "subjected to unwelcome comments" and a "hostile, offensive, and intimidating environment" on account of her sex *and* race. Dkt. #6-3 at 2. Given the juxtaposition of those allegations with plaintiff's allegation that she had been denied equal pay on account of her sex, I conclude that plaintiff's present claim that she was denied equal pay based on her race is sufficiently and reasonably related to her EEOC allegation that she was denied equal pay on account of her sex to allow this claim to go forward.

Certainly the race-based pay claim is not identical to any of the charges in plaintiff's EEOC complaint, but that is not what is required. All that is necessary is that the claim be "reasonably related" to the claims in the EEOC complaint, such that "it would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Malachi v. Postgraduate Center for Mental Health*, No. 10-CV-3527, at *2 (E.D.N.Y. Mar. 1, 2013) (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n.10 (2d Cir. 1978)). Since

plaintiff did allege both sex- and race-based harassment in her administrative charge, I believe that an investigation into her claim of unequal pay based on her sex could reasonably be expected to look into whether her race was a factor as well.

**II. Hostile Work Environment**

Xerox next argues that plaintiff's hostile work environment claim should be dismissed for failure to state a claim. I agree.

It is well settled that in order to prevail on a hostile work environment claim under Title VII, a plaintiff must make a prima facie showing that her workplace was permeated with "discriminatory intimidation, ridicule, and insult ... sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and show a specific basis for imputing the conduct that created the hostile work environment to her employer. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). *See also Clark County School District v. Breeden*, 532 U.S. 268, 270 (2001) (conduct must be severely threatening or humiliating to rise to the level of a hostile work environment); *Kotcher v. Rosa & Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992) ("incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief").

Plaintiff in this case has not even come close to alleging such facts. Nearly all of her claims center around her allegations that she was denied promotions and that she was not paid as much as similarly situated white male employees. Her allegations of a hostile work environment are limited to alleged comments by a certain manager, David Maskens, "implying that Ms. McCullough was a 'slacker' and not working at full capacity," and his alleged statement to her that "she would not be able to use the phrase 'I'm not sure because I'm new' much longer." Complaint ¶ 57.

Those allegations fall woefully short of what is required to state a hostile work environment claim. Assuming that these allegations are true, Maskens's alleged comments were "mere work-related criticisms" that could not reasonably be deemed to have given rise to an objectively

hostile work environment. *Hill v. Nicholson*, 383 Fed.Appx. 503, 511 (6th Cir. 2010). *See also Fleming v. MaxMara USA, Inc.*, 371 Fed.Appx. 115, 119 (2d Cir. 2010) (describing as "quite minor" plaintiff's allegations that defendants "wrongly excluded her from meetings, excessively criticized her work, refused to answer work-related questions, arbitrarily imposed duties outside of her responsibilities, threw books, and sent rude emails to her"). Furthermore, there are no allegations that Maskens's statements contained any racial or sexual overtones, *see Caldwell v. State of Washington*, 278 Fed.Appx. 773, 775 (9th Cir. 2008).

In short, plaintiff's hostile work environment claim is based on little more than her use of that term itself. That is not enough to state a facially valid cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *see, e.g.*, *Harrison v. Southeastern Radiology, P.A.*, No. 10CV605, 2013 WL 633584, at *4 (M.D.N.C. Feb. 20, 2013) ("Plaintiff's conclusory statements and the attachment of the label 'hostile work environment' in her statement do not meet the pleading standards of Rule 8 or the 'plausibility' requirement under *Twombly*").

To the extent that the complaint can be read as asserting a claim of constructive discharge, I find that such a claim is also subject to dismissal, for essentially the same reasons stated with respect to the claim of hostile work environment. The facts alleged by plaintiff, even if true, do not demonstrate that her working conditions were "so intolerable that a reasonable person would have felt compelled to resign." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 146-47 (2004)). *See also Cajamarca v. Regal Entertainment Group*, 863 F.Supp.2d 237, 255 (E.D.N.Y. 2012) ("As the Supreme Court has noted, a constructive discharge claim under Title VII is a form of hostile work environment claim") (citing *Suders*, 542 U.S. at 146-47).

**III. Retaliation**

Plaintiff's claim that she was unlawfully retaliated against for having engaged in protected activity under Title VII must also be dismissed. In order to state such a claim, plaintiff must allege facts showing that: (1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action. *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

At least for purposes of its motion to dismiss, Xerox does not appear to dispute that plaintiff engaged in protected activity, by filing an EEOC complaint while she was still employed at Xerox.[1] Defendant contends, however, and I agree, that plaintiff has not alleged facts showing that she suffered any materially adverse action as a consequence of such activity.

For purposes of a retaliation claim, an "adverse employment action" is one that represents a "materially adverse change in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000); *Dansler-Hill v. Rochester Inst. of Tech.*, 764 F.Supp.2d 577, 582 (W.D.N.Y. 2011). "The materiality of an adverse employment action 'depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances.'" *Dansler-Hill*, 764 F.Supp.2d at 582 (quoting *Kessler v. Westchester County Dep't of Social Servs.*, 461 F.3d 199, 209 (2d Cir. 2006)). Typical examples of materially adverse actions include termination, demotion, or the material loss of wages, benefits, or job responsibilities. *See Galabya*, 202 F.3d 636 at 640.

In the case at bar, plaintiff alleges that after she filed her EEOC complaint, she "was treated differently at work; she was ostracized and ignored by her fellow employees and excluded from

---

[1]The Second Circuit has held that a claim "alleging retaliation by an employer against an employee for filing an EEOC charge" is "sufficiently related to the allegations in the [EEOC] charge that it would be unfair to civil rights plaintiffs to bar such claims in a civil action" or to require them to separately exhaust such claims. *Butts*, 990 F.2d at 1402.

meetings that she had previously been included in, and necessarily should have been included in, as she was the Program Manager." Complaint ¶ 74.

Such events do not, however, amount to a materially adverse employment action for purposes of Title VII. Courts have held that merely being given the proverbial cold shoulder by one's coworkers (even assuming that this could be imputed to the employer) is not enough to show that one has suffered an adverse employment action. *See Rodas v. Town of Farmington*, ___ F.Supp.2d ___, 2013 WL 178152, at *7 (W.D.N.Y. Jan. 16, 2013) ("Generally speaking, ostracism, 'shunning,' or the exclusion of an employee from non-essential office functions, cannot rise to the level of 'material adversity' required" to state a retaliation claim); *Davis v. Verizon Wireless*, 389 F.Supp.2d 458, 478 (W.D.N.Y. 2005) ("Menacing looks, name calling, or being shunned by coworkers does not constitute an adverse employment action. Nor does exclusion from meetings").

Likewise, being left out of meetings does not amount to an adverse action, absent a showing that some additional negative consequences flowed from that exclusion. *See, e.g., Dillon v. Morano*, 497 F.3d 247, 255 (2d Cir. 2007) (since there was "nothing in the record to indicate that Dillon was disadvantaged in any way by the alleged exclusion from staff meetings," that exclusion did not support his retaliation claim); *Rivera v. Orange County*, No. 10 CV 9134, 2013 WL 812016, at *3 (S.D.N.Y. Mar. 5, 2013) (stating that defendants' alleged acts of "excluding [plaintiff] from meetings ... and generally making him feel isolated at work ... does not qualify as an adverse employment action," but rather were among "'those petty slights or minor annoyances that often take place at work and that all employees experience'") (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). *See also Mabry v. Neighborhood Defender Service*, 769 F.Supp.2d 381, 399 (S.D.N.Y. 2011) (exclusion from management meetings); *Chan v. NYU Downtown Hosp.*, No. 03 Civ. 3003, 2006 WL 345853, at *8-*9 (S.D.N.Y. Feb.14, 2006) (exclusion from meetings and office social events).

Plaintiff has not alleged any such consequences. Since she has failed to identify any materially adverse actions following the filing of her EEOC charge, her retaliation claim must be dismissed.

## CONCLUSION

Defendant's motion to dismiss some of plaintiff's claims (Dkt. #6) is granted in part and denied in part. Plaintiff's first cause of action is dismissed, to the extent that it is based on allegations that plaintiff was denied promotions or particular job positions within Xerox, and that she was subjected to a hostile work environment. Plaintiff may proceed on her first cause of action only to the extent that it asserts a claim based on a denial of equal pay compared to similarly situated white male employees, on account of plaintiff's race and sex. Plaintiff's second cause of action is dismissed in its entirety. In all other respects, defendant's motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 2, 2013.